UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Jackie Jackson,<br><br>　　　　　　Plaintiff,<br>　v.<br>On Deck Capital, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 1:14-cv-3656<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jackie Jackson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Jackie Jackson ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, On Deck Capital, Inc. ("On Deck"), is a New York business entity with an address of 155 E 56th Street, 2nd Floor, New York, New York 10022, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by On Deck and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6. On Deck at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, On Deck began calling Plaintiff's cellular telephone, number 410-XXX-6200.

8. On Deck called Plaintiff from telephone number 410-919-9576.

9. On Deck called Plaintiff using an automated telephone dialing system ("ATDS") and an artificial or prerecorded voice.

10. When Plaintiff answered calls from On Deck he heard a prerecorded message before being connected to a live representative.

11. In or around August 2014, Plaintiff told On Deck that he was not interested in their services and requested that On Deck stop calling.

12. Nevertheless, On Deck continued to call Plaintiff's cellular telephone knowing that they did not have permission to do so.

A. **Plaintiff Suffered Actual Damages**

13. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

14. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and a prerecorded or artificial voice.

17. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 21, 2014

                                    Respectfully submitted,

                                    By  /s/ Sergei Lemberg
                                    Sergei Lemberg, Esq.
                                    LEMBERG LAW L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424
                                    ATTORNEYS FOR PLAINTIFF